IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED
2006 DEC 22 P 12: 05
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| BROOKA STOKES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| CITIFINANCIAL a/k/a WASHINGTON ) | |
| MUTUAL FINANCE; GLENDA DUNCAN; and ) | |
| A, B, C, and/or D, being those persons, firms, ) | |
| corporations, partnerships, or other entities ) | |
| responsible for failure to satisfy the debt upon ) | CIVIL ACTION NO. 3:06 CV1135-T |
| payment by the Plaintiff; E, F, and/or G and ) | |
| those persons, firms, corporations, partnerships, ) | |
| or other entities responsible for notifying any and ) | |
| all Credit Bureaus of the existence of the debt ) | |
| which had been paid; G, H, and/or I and those ) | |
| parties responsible for the acts complained of ) | |
| herein whose identities are otherwise unknown, ) | |
| but who will be added by amendment when ) | |
| ascertained, ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF REMOVAL

**COME NOW**, pursuant to the provisions of 28 U.S.C. §§ 1332, 1441 and 1446, Defendants CitiFinancial, Inc. (successor by merger to Washington Mutual Finance, LLC) and Glenda Duncan (collectively "Defendants"), by and through their undersigned counsel, appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure, any and all defenses under the federal laws of bankruptcy and specifically preserving the right to demand arbitration pursuant to contractual agreements and the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*, and hereby give notice of the removal of this action from

1526526

the Circuit Court of Lee County, Alabama, to the United States District Court, Middle District of Alabama, Eastern Division, and in support thereof, state as follows:

## INTRODUCTION

1. Plaintiff Brooka Stokes ("Plaintiff") commenced this action by filing a complaint against Defendants in the Circuit Court of Lee County, Alabama, Civil Action Number CV-2006-761, which is a state court within this judicial district.

2. In the Complaint, Plaintiff purports to set forth claims of defamation, fraud, negligent misrepresentation and intentional infliction of emotional distress based upon Defendants' alleged misrepresentation, improper credit reporting and collection activities associated with a loan Plaintiff obtained. Based upon the foregoing claims, Plaintiff seeks an unlimited amount of amount of compensatory and punitive damages, as well as attorney fees and costs. (*Id.* at Counts I-V.)

## GROUNDS FOR REMOVAL

### I. DIVERSITY JURISDICTION

3. This case is properly removable pursuant to 28 U.S.C. § 1441, which provides in pertinent part as follows:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the District Court of the United States for the district or division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.
>
> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the constitution, treaties, or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendant is a citizen of the State in which such action is brought.

4. This action is properly removable under 28 U.S.C. § 1441(a) and (b) because the United States District Court has original jurisdiction of this case under 28 U.S.C. § 1332(a), as amended, which provides in pertinent part as follows:

> (a) The district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and cost, and is between -
>
> (1) citizens of different states...

**A.  Citizenship of the Parties.**

5. There is complete diversity of citizenship between Plaintiff and CitiFinancial, the only properly joined defendant in this action.

6. Plaintiff is a resident citizen of the State of Alabama.

7. CitiFinancial, Inc. ("CitiFinancial") is a Maryland corporation with its principal place of business also located in the State of Maryland. Therefore, CitiFinancial is a resident of the State of Maryland for diversity jurisdiction purposes. *See* 28 U.S.C. § 1332(c)(1).

8. Although Plaintiff fails to allege the residency of the parties, as demonstrated in detail below, defendant Glenda Duncan ("Duncan") has been fraudulently joined and, as such, her citizenship should nevertheless be disregarded in determining the propriety of removal in the present action.

**B.  Fraudulent Joinder of the Non-Diverse Defendant.**

9. Though diversity jurisdiction generally mandates that "every plaintiff . . . be diverse from every defendant," *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1355 (11th Cir. 1996), federal courts in Alabama have specifically held that "[w]hen a defendant has been fraudulently joined, the court should disregard his or her citizenship for purposes of determining whether a case is removable based upon diversity jurisdiction." *Bullock v. United Benefit Ins. Co.*, 165 F. Supp. 2d 1255, 1256 (M.D. Ala. 2001) (citing *Tapscott*, 77 F.3d at 1360).

Fraudulent joinder occurs where "there is no possibility that the Plaintiff can prove a cause of action against the resident (non-diverse) defendant." *Fowler v. Provident Life and Accident Insurance Co.,* 256 F. Supp. 2d 1243, 1246 (N.D. Ala. 2003) (citing *Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir. 1998)).

10. This action is removable based on diversity of citizenship because Plaintiff has fraudulently and improperly joined Duncan as a defendant is this action. No possibility for a cause of action exists against Duncan and, thus, she has been fraudulently joined by Plaintiff with CitiFinancial in this action for the sole purpose of attempting to avoid and defeat diversity jurisdiction.

11. Plaintiff's claims against Defendants are based upon injuries resulting from the alleged publication of and representation to the credit bureau of false and defamatory statements concerning Plaintiff. (*See* Plaintiff's Complaint, Counts I-IV.) Plaintiff also seeks damages based on Defendants' alleged harassment of Plaintiff by way of telephone calls and correspondence concerning her loan with CitiFinancial. (*Id.* at Count V.) The only allegation in Plaintiff's Complaint concerning Duncan relates strictly to her alleged role as a representative of CitiFinancial in a small claims court proceeding against Plaintiff. (*Id.* at pp. 1-2.) Indeed, there is no allegation that Duncan participated in, or had anything to do with, any alleged misrepresentation, defamation and/or harassment of Plaintiff.

12. Based on the foregoing, there is no possibility that Plaintiff can prove a cause of action against Duncan. Accordingly, Duncan has been fraudulently joined in this action, and her citizenship should be disregarded for the purpose of determining diversity jurisdiction. As such, there is complete diversity of citizenship between Plaintiff and CitiFinancial, the only properly joined defendant in this action.

1526526                                4

### C.  The Amount In Controversy Requirement is Satisfied in the Present Action.

13.  Diversity jurisdiction's amount in controversy requirement is also satisfied. 28 U.S.C. § 1332.

14.  The amount in controversy in this action exceeds the $75,000 jurisdictional threshold notwithstanding Plaintiff's refusal to specify damages in her Complaint. In her Complaint, Plaintiff purports to set forth claims of defamation, fraud, negligent misrepresentation and intentional infliction of emotional distress based upon Defendants' alleged misrepresentation, improper credit reporting and collection activities associated with a loan Plaintiff obtained from CitiFinancial. Plaintiff alleges that as a result of Defendants' conduct, Plaintiff has "suffered grievous mental and physical suffering, and in addition she found it difficult to borrow money because of the false allegations made by Defendant." (Plaintiff's Complaint, Count I.) Plaintiff also alleges that she was "caused to suffer injuries and damages as her credit was damaged and she was harassed by the Defendants, had difficulty securing a loan, and was otherwise injured both physically and mentally." (*Id.* at Count III.) As a result, Plaintiff seeks an unlimited amount of amount of compensatory and punitive damages "because Defendant [allegedly] published said statement with malice and with knowledge of its falsity or with gross and reckless disregard of its falsity" and "because of the intentional or gross and reckless nature of the fraud." (*Id.* at Counts I-IV.) Plaintiff also seeks "attorney fees and litigation expenses" as a result of Defendants' alleged conduct. (Id. at Count V.) Because Plaintiff seeks an unspecified amount of damages, Defendants are only required to show that "the amount in controversy more likely than not exceeds the jurisdictional requirement." *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996).

15. With that said, it bears noting that compensatory damages in fraud actions in Alabama have often resulted in substantial recoveries for mental anguish, emotional distress, and other similar harms well exceeding the $75,000 required for diversity jurisdiction. Recent jury verdicts in Alabama reflect the potential magnitude of compensatory damages claims for mental and emotional distress arising from such allegations. *See Prudential Ballard Realty Co. v. Weatherly*, 792 So. 2d 1045 (Ala. 2000) ($250,000 compensatory damage award, mostly attributable to mental anguish, in fraud matter); *Jeter v. Orkin Exterminating Company, Inc.*, 832 So. 2d 25 (Ala. 2001) ($300,000 mental anguish awarded in fraud and breach of contract matter); *Oliver v. Towns*, 770 So. 2d 1059 (Ala. 2000) ($67,800 metal anguish award); *Sparks v. Cash America International, Inc.*, 789 So. 2d 231 (Ala. 2000) (in fraud and breach of contract claim, $50,000.00 of the $75,000.00 compensatory damage award was attributed to mental anguish); *Liberty National Life Ins. Co. v. Caddell*, 701 So. 2d 1132 (Ala. 1997) (awarding $50,000 in compensatory damages for mental anguish resulting from alleged conversion); *Hare v. Mutual Savings Life*, CV-94-529, 1997 WL 743899 (LRP JURY) (awarding $500,000 in compensatory damages for alleged insurance fraud where primary injury was emotional distress); *Mallard v. Countrywide Funding Corp.*, CV-95-199, 1997 WL 743898 (LRP JURY) (awarding $1,000,000 in compensatory damages to two Plaintiffs for emotional distress caused by fraud); *Ball v. ALFA Realty, Inc.*, CV-95-103, 1997 WL 850611 (LRP JURY) (awarding $100,000 in compensatory damages for emotional distress suffered as a result of fraud); *Norwood v. Glen Lanes Realty Co.*, CV-96-391, 1997 WL 996325 (LRP JURY) (awarding $200,000 in compensatory damages for emotional distress resulting from fraud); *Gallant v. Prudential Ins. Co. of America*, CV-93-50, 1994 WL 180709 (LRP JURY) (awarding $430,000 in compensatory damages for alleged insurance fraud); *Sperau v. Ford Motor Co.*, CV-91-34, 1994 WL 180700 (LRP JURY)

(awarding $4,492,000 in compensatory damages to four Plaintiffs for emotional distress allegedly caused by fraud). Consequently, if awarded, compensatory damages in the present action will more likely than not exceed $75,000.

16. Similarly, punitive damages alone could clearly exceed $75,000. In many recent fraud cases in Alabama defendants have suffered punitive damages awards well in excess of $75,000. *See Jeter v. Orkin Exterminating Co., supra,* ($2,000,000 punitive damages awarded in fraud and breach of contract matter); *Johns v. A.T. Stephens Enterprises, Inc.*, 815 So. 2d 511 (Ala. 2001) ($150,000.00 punitive damage award in conspiracy to convert matter); *Travelers Indemnity Co. of Illinois v. Griner*, 809 So. 2d 808 (Ala. 2001) ($200,000.00 punitive damage award in fraud and outrage matter); *Sparks v. Cash America International, Inc.*, 789 So. 2d 231 (Ala. 2000) ($225,000 award of punitive damages in fraud and breach of contract matter); *Cooper & Co. v. Lester*, 832 So. 2d 628 (Ala. 2000) (punitive damage awards ranging from $178,538.00 to $250,000.00 in fraud action); *Prudential Ballard Realty Co. v. Weatherly, supra,* (award of $750,000.00 of punitive damages in fraud action); *Chrysler Corp. v. Schiffer*, 736 So. 2d 538 (Ala. 1999) ($150,000.00 award of punitive damages in fraud and breach of contract matter); *Life Insurance Company of Georgia v. Parker,* 726 So. 2d 619 (Ala. 1998) ($150,000.00 award of punitive damages in insurance fraud matter); *Patel v. Patel*, 708 So. 2d 159 (Ala. 1998) ($225,000.00 award of punitive damages in fraud and breach of contract matter); *Talent Tree Personnel Srvs., Inc. v. Fleenor*, 708 So. 2d 917 (Ala. 1997) ($1,500,000.00 award of punitive damages in fraud and breach of contract matter); *American Pioneer Life v. Williamson*, 704 So. 2d 1361 (Ala. 1997) ($750,000.00 award of punitive damages in fraud and breach of contract case); *Union Sec. Life Ins. Co. v. Crocker*, 709 So. 2d 1118 (Ala. 1997) ($1,000,000.00 award of punitive damages in insurance fraud matter); *Life Ins. Co. of Georgia v. Johnson*, 725 So. 2d 934

(Ala. 1998) ($3,000,000.00 award of punitive damages in insurance fraud action); *Hillcrest Center, Inc. v. Rone*, 711 So. 2d 901 (Ala. 1997) ($94,000.00 award of punitive damages in fraudulent inducement action); *First Commercial Bank v. Spivey*, 694 So. 2d 1316 (Ala. 1997) ($500,000.00 award of punitive damages in fraud and breach of contract matter); *Carlisle v. Whirlpool Fin. Nat'l Bank*, No. 97-068 (Circuit Court of Hale County, Alabama), (the jury awarded the Plaintiff punitive damages in the amount of approximately $582 million in a case in which fraud allegations were asserted. The amount of punitive damages was later remitted to $300 million.); *Gallant v. Prudential Ins. Co. of America*, CV-93-50, 1994 WL 180709 (LRP JURY) (awarding $33,000,000 in punitive damages); *Ford Motor Co. v. Sperau*, 708 So. 2d 111 (Ala. 1997) ($1,792,000 in punitive damages); *Johnson v. Mercury Finance Co.*, CV-93-52, in the Circuit Court of Barbour County, Alabama, Clayton Division (Plaintiff, buyer of used cars, alleged that defendant fraudulently failed to disclose a $1,000 discount for which defendant purchased the non-recourse note. Jury awarded $90,000 in compensatory damages, and $50,000,000 in punitive damages. The award of punitive damages was remitted to $2,000,000.); *Key v. Prudential Insurance Co., et al.*, CV-93-479, in the Circuit Court of Marshall County, Alabama (August 28, 1995) (The Plaintiff alleged that the insurance agent misrepresented that no additional premium payments would be required. Jury awarded $25,000,000 in punitive damages.); *Foremost Insurance Co. v. Parham*, 693 So. 2d 409 (Ala. 1997) (Jury awarded $6,000 in compensatory damages, and $7,500,000 in punitive damages. The punitive damages were later remitted to $175,000.). Consequently, if awarded, punitive damages in the present action alone will more likely than not exceed $75,000.

17. When all of Plaintiff's demands for compensatory and punitive damages are considered, there is no question that the amount in controversy requirement has been established.

18. Indeed, nowhere in the Complaint does Plaintiff limit her recovery to less than the jurisdictional amount.

## ADOPTION AND RESERVATION OF DEFENSES

19. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of the removing Defendants' rights to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Ala. or Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

## PROCEDURAL REQUIREMENTS

20. This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

21. Federal jurisdiction exists under 28 U.S.C. § 1332, as this civil action is between citizens of different states, and the amount in controversy exceeds $75,000.

22. True and correct copies of "all process, pleadings, and orders" are attached hereto as Exhibit "A" in conformity with 28 U.S.C. § 1446(a). There are no other process, pleadings, or orders served upon Defendants to date in this case.

23. This Notice of Removal is filed within the time frame set forth in 28 U.S.C. § 1446.

24. Defendants have heretofore sought no similar relief.

25. The United States District Court for the Middle District of Alabama, Eastern Division, is the court and division embracing the place where this action is pending in state court.

26. Defendants reserve the right to supplement their Notice of Removal by adding any jurisdictional defenses which may independently support a basis for removal.

27. Contemporaneously with the filing of this Notice of Removal, Defendants have filed a copy of same with the clerk of the Circuit Court of Lee County, Alabama. Written notice of the filing of this Notice of Removal has also been served upon Plaintiff.

**WHEREFORE, PREMISES CONSIDERED,** Defendants pray that the Court will take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court of Lee County, Alabama to the United States District Court for the Middle District of Alabama, Eastern Division.

Respectfully submitted,

/s/ Reid S. Manley
Reid S. Manley (MAN039)
Alan D. Leeth (LEE038)

Attorneys for Defendants
CITIFINANCIAL, INC. AND GLENDA DUNCAN

**OF COUNSEL:**

BURR & FORMAN LLP
3100 Wachovia Tower
420 North 20th Street
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on the following by directing same to the below-listed address through first-class, United States mail, postage prepaid, on this the 22 day of December, 2006:

> Hon. James T. Gullage
> GULLAGE & TICKAL, LLP
> 511 Geneva Street
> Opelika, AL 36801
> Tel.: (334) 737-3733

_____
OF COUNSEL

-CIVIL-    SUMMONS         CASE NO.        CV-2006 761
IN THE ____CIRCUIT____ COURT OF _____LEE_____ COUNTY

Plaintiff BROOKA STOKES v. Defendant GLENDA DUNCAN

NOTICE TO Glenda Duncan, Citifinancial a/k/a Washington Mutual Finance, 1451 Gateway Dr., Opelika, Alabama, 36801

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY James T. Gullage, WHOSE ADDRESS IS 511 Geneva Street, Opelika, Al. 36801.

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN __30__ DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:
__X__ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the Defendant.

____ Service by certified mail of this summons is initiated upon the written request of Plaintiff pursuant to the Alabama Rules of Civil Procedure.

Date: 11/16/06    _____ By: ____
                   Clerk/Register

____ Certified Mail is hereby requested.

_____
Plaintiff's Attorney's Signature

RETURN ON SERVICE:
____ Return receipt of certified mail received in this office on _____
                                                                    (Date)
__X__ I certify that I personally delivered a copy of the Summons and Complaint to
_Glenda Duncan_ in _Lee_ County, Alabama on _11-27-2006_
                                                   (Date)
_11-27-2006_              _____
Date                       Server's Signature

_511 Geneva St_           _Civil Process Server_
Address of Server         Type of Process Server
_Opelika, Al. 36801_

EXHIBIT
A

IN THE CIRCUIT COURT OF LEE COUNTY, ALABAMA

BROOKA STOKES )
)
Plaintiff, )
)
vs. )    CV 2006-741
)
CITIFINANCIAL a/k/a )
WASHINGTON MUTUAL FINANCE; )
GLENDA DUNCAN; and A, B, C, and/or D )
being those persons, firms, corporations, )
partnerships, or other entities responsible for )
failure to satisfy the debt upon payment by )
the Plaintiff; E, F, and/or G and those persons, )
firms, corporations, partnerships, or other )
entities responsible for notifying any and all )
Credit Bureaus of the existence of the debt )
which had been paid; G, H, and/or I and those )
parties responsible for the acts complained of )
herein, whose identities are otherwise unknown, )
but who will be added by amendment when )
ascertained, )
)
Defendants. )

FILED
NOV 16 2006
IN OFFICE
CORINNE T. HURST
CIRCUIT CLERK

## COMPLAINT

Before September 27, 2004, the Plaintiff borrowed a sum of money from the Defendant Prior to said date of September 27, 2004, the Plaintiff, Brooka Stokes, paid back all sums borrowed from the Defendant and owed them no debt. On or about September 27, 2004, the Defendant, Citifinancial a/k/a Washington Mutual Finance, filed a suit in the District Court of Lee County, Alabama, Small Claims Division, Case No. SM-04-1513 alleging that Brooka Stokes owed to the Defendant, Citifinancial, a/k/a Washington Mutual Finance, the sum of $936.74. Brooka Stokes entered an appearance in the case denying the debt and alleging that the debt had been paid. Nevertheless, the case was set for trial on November 18, 2004 in the Small Claims Court of Lee County, Alabama. At the trial on the matter, Citifinancial, a/k/a Washington Mutual Finance was represented by an employee of Citifinancial. At the trial of the matter, the payment of the debt by Mrs. Stokes was proved to the Court and the Court entered judgment for Brooka Stokes for $350 on her counterclaim. The decision of the Court

was entered in open Court and the employee of the Defendant was told of the fact that judgment was entered for Brooka Stokes and against the Defendant, Citifinancial, a/k/a Washington Mutual Finance. The said Citifinancial, a/k/a Washington Mutual Finance was notified in open court of the fact that judgment was rendered against it as previously alleged. The representative of Citifinancial, a/k/a Washington Mutual Finance is believed to be Glenda Duncan or a manager of Citifinancial, a/k/a Washington Mutual Finance. The pleadings in the case were signed by a person believed to be Glenda Duncan. Citifinancial, a/k/a Washington Mutual Finance did not appeal the judgment.

In spite of the rendering of the judgment in favor of Brooka Stokes and against Citifinancial, a/k/a Washington Mutual Finance, Citifinancial, a/k/a Washington Mutual Finance takes the position that the debt was and is still owed and that the burden is upon Brooka Stokes to show that she had paid the debt although the evidence was introduced at the time of the trial showing the debt had been paid.

After the date of November 18, 2004, said Citifinancial, a/k/a Washington Mutual Finance, continued to harass Brooka Stokes by letters and by telephone calls without regard to the fact that the case had been terminated by a judgment in favor of Brooka Stokes.

During the summer of 2006, Brooka Stokes learned that Citifinancial, a/k/a Washington Mutual Finance had reported to the Credit Bureau that Brooka Stokes still owed the debt, that she had "skipped" the payment of the debt. The allegation to the Credit Bureau has caused Mrs. Stokes difficulty in obtaining loans and the constant telephone calling and letters have caused her grievous mental pain and suffering. Her credit rating has been lessened and it is difficult to obtain a required loan and other business relationships.

## COUNT ONE

The Plaintiff adopts and re-alleges the language above in Paragraph One of the Complaint. On or after November 18, 2004, the Defendants slandered the Plaintiff by publishing a false and defamatory statement of and concerning the Plaintiff, that is, that Mrs. Stokes had not paid the debt to Citifinancial, a/k/a Washington Mutual Finance, and in fact had "skipped". The Defendants have not paid the judgment against them.

The Plaintiff was damaged by such false and defamatory statements as follows: She suffered grievous mental and physical suffering, and in addition she found it difficult to borrow money because of the false allegations made by the Defendant.

The Plaintiff claims punitive damages of the Defendants because Defendant published said statement with malice and with knowledge of its falsity or with gross and reckless disregard of its falsity.

THEREFORE, Mrs. Brooka Stokes, the Plaintiff, demands judgment against the Defendants in a sum to be assessed by a jury.

## COUNT TWO

The Plaintiff re-alleges the facts set forth above and incorporates them into this Count and adds thereto:

The Defendant, Citifinancial, a/k/a Washington Mutual Finance's representation to the credit bureau and to Mrs. Stokes were false and the said Defendants without knowledge of the true facts grossly misrepresented the facts intending the Plaintiff, Brooka Stokes to be coerced into paying a debt she did not owe and notified other potential lenders that Mrs. Stokes did not pay her debts and in fact "skipped".

WHEREFORE THE PREMISES CONSIDERED, the Plaintiff, Mrs. Brooka Stokes, demands both compensatory and punitive damages from the Defendants.

## COUNT THREE

The Plaintiff, Brooka Stokes, readopts the facts set forth above and incorporates them in this Count and adds thereto:

The misrepresented facts were false and made by the Defendants by mistake but with the intention that the Plaintiff should rely on them. As a proximate result of the fraud, the Plaintiff was caused to suffer injuries and damages as her credit was damaged and she was harassed by the Defendants, had difficulty in securing a loan, and was otherwise injured both physically and mentally. The Plaintiff, Brooka Stokes, demands punitive damages of the Defendants because of the intentional gross and reckless nature of the fraud.

## COUNT FOUR

The Plaintiff, Brooka Stokes, readopts the facts set forth above and incorporates them in this Count and adds thereto:

Said representations were false and Defendants knew they were false; or were false and Defendants, without knowledge of the true facts, recklessly misrepresented the facts; or were false and were made by the Defendant by mistake but with the intention that the Plaintiff should rely on them. Plaintiff claims compensatory and punitive damages of the Defendants because of the intentional or gross and reckless nature of the fraud.

WHEREFORE, Plaintiff demands judgment against the Defendants in a sum to be adjudged by a jury.

## COUNT FIVE

The Plaintiff, Brooka Stokes, readopts the facts set forth above and incorporates them in this Count and adds thereto:

The Defendants intentionally inflicted mental harm and pain on the Plaintiff, Brooka Stokes, by harassing her with telephone calls and numerous letters and recording a paid debt as still being due and alleging that Mrs. Stokes "skipped". Brooka Stokes was caused to spend and will spend sums of money for attorney fees and litigation expenses for which she claims the same from the Defendants.

## JURY DEMAND

The Plaintiff, BROOKA STOKES, demands trial by struck jury of all issues in this case.

Respectfully submitted this _16_ day of _Nov_, 2006.

_____
JAMES T. GULLAGE (GUL007)
Attorney for the Plaintiff
Gullage & Tickal, LLP
511 Geneva Street
Opelika, AL 36801
334-737-3733
334-737-3766 fax