IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED
2006 DEC 22 P 12: 05

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| BROOKA STOKES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| CITIFINANCIAL a/k/a WASHINGTON ) | |
| MUTUAL FINANCE; GLENDA DUNCAN; and ) | |
| A, B, C, and/or D, being those persons, firms, ) | |
| corporations, partnerships, or other entities ) | |
| responsible for failure to satisfy the debt upon ) | CIVIL ACTION NO. 3:06cv1135-T |
| payment by the Plaintiff; E, F, and/or G and ) | |
| those persons, firms, corporations, partnerships, ) | |
| or other entities responsible for notifying any and ) | |
| all Credit Bureaus of the existence of the debt ) | |
| which had been paid; G, H, and/or I and those ) | |
| parties responsible for the acts complained of ) | |
| herein whose identities are otherwise unknown, ) | |
| but who will be added by amendment when ) | |
| ascertained, ) | |
| ) | |
| Defendants. ) | |

### ANSWER TO COMPLAINT

**COME NOW** Defendants CitiFinancial, Inc. (successor by merger to Washington Mutual Finance, LLC) and Glenda Duncan (collectively "Defendants"), by and through their undersigned counsel, appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure, any and all defenses under the federal laws of bankruptcy and specifically preserving the right to demand arbitration pursuant to contractual agreements and the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*, and for their response to plaintiff's complaint, state as follows:

1526818

## FIRST DEFENSE

For their response to the specifically-enumerated paragraphs of plaintiff's complaint, Defendants state as follows:

Defendants deny the allegations in the unnumbered paragraphs preceding Count One of plaintiff's complaint and demand strict proof thereof.

## COUNT ONE

Defendants adopt and reallege each and every response in this answer as if fully set out herein. Defendants deny the averments of Count One of plaintiff's complaint and demand strict proof thereof. Defendants specifically deny that plaintiff is entitled to any judgment, damages, equity or other relief whatsoever and demand strict proof thereof.

## COUNT TWO

Defendants adopt and reallege each and every response in this answer as if fully set out herein. Defendants deny the averments of Count Two of plaintiff's complaint and demand strict proof thereof. Defendants specifically deny that plaintiff is entitled to any judgment, damages, equity or other relief whatsoever and demand strict proof thereof.

## COUNT THREE

Defendants adopt and reallege each and every response in this answer as if fully set out herein. Defendants deny the averments of Count Three of plaintiff's complaint and demand strict proof thereof. Defendants specifically deny that plaintiff is entitled to any judgment, damages, equity or other relief whatsoever and demand strict proof thereof.

## COUNT FOUR

Defendants adopt and reallege each and every response in this answer as if fully set out herein. Defendants deny the averments of Count Four of plaintiff's complaint and demand strict

proof thereof. Defendants specifically deny that plaintiff is entitled to any judgment, damages, equity or other relief whatsoever and demand strict proof thereof.

## COUNT FIVE

Defendants adopt and reallege each and every response in this answer as if fully set out herein. Defendants deny the averments of Count Five of plaintiff's complaint and demand strict proof thereof. Defendants specifically deny that plaintiff is entitled to any judgment, damages, equity or other relief whatsoever and demand strict proof thereof.

## AFFIRMATIVE DEFENSES

### SECOND DEFENSE

Plaintiff's claims are barred by the statute of limitations and laches.

### THIRD DEFENSE

Plaintiff's complaint, and each count therein, fails to state a claim against Defendants upon which relief can be granted.

### FOURTH DEFENSE

Plaintiff is precluded from proceeding in a judicial forum because she agreed to arbitrate her claims. The agreement by the parties to arbitrate their disputes is specifically enforceable pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq*.

### FIFTH DEFENSE

Plaintiff has failed to mitigate her damages, if any.

### SIXTH DEFENSE

Plaintiff's claims are barred because Defendants did not falsely represent any material fact to the Plaintiff, or suppress any such fact.

## SEVENTH DEFENSE

Plaintiff's claims are barred because Plaintiff is not legally entitled to rely on any representations or suppressions by Defendants.

## EIGHTH DEFENSE

Plaintiff's claims are barred because Plaintiff and Defendants dealt at arms length.

## NINTH DEFENSE

Plaintiff's claims are barred because Defendants were not under any obligation to disclose information to the Plaintiff.

## TENTH DEFENSE

To the extent Plaintiff has suffered any damages, such damages were caused by and are the responsibility of persons, parties, and/or entities other than Defendants, including Plaintiff's contributory and/or comparative negligence.

## ELEVENTH DEFENSE

Plaintiff's claims are barred by the doctrines of accord and satisfaction, settlement, payment, and release.

## TWELFTH DEFENSE

Plaintiff's claims should be barred, or at least reduced, by the doctrines of set-off and recoupment.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred by the parol evidence rule.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred by the doctrines of ratification, consent, acquiescence, waiver, estoppel, *res judicata*, collateral estoppel and unclean hands.

### FIFTEENTH DEFENSE

Defendants' actions were justified and are immune from liability.

### SIXTEENTH DEFENSE

Defendants plead the general issue.

### SEVENTEENTH DEFENSE

Defendants deny that plaintiff is entitled to any relief whatsoever.

### EIGHTEENTH DEFENSE

Defendants are not liable because they have acted in good faith in conformity with applicable rules, regulations, and statutory interpretations.

### NINETEENTH DEFENSE

Venue is improper and inconvenient as to Defendants and does not serve the interests of justice.

### TWENTIETH DEFENSE

Plaintiff's claims are barred by preemption by governmental regulation/authorization pursuant to the appropriate statutory authority.

### TWENTY-FIRST DEFENSE

Defendants deny that they have been guilty of any conduct which entitles plaintiff to recover punitive damages.

### TWENTY-SECOND DEFENSE

The complaint fails to state a claim upon which punitive damages may be awarded.

### TWENTY-THIRD DEFENSE

Defendants aver that an award of punitive damages in this case would serve no purpose for which punitive damages are awarded in Alabama.

### TWENTY-FOURTH DEFENSE

Punitive damages cannot be upheld to the extent they violate or contravene the holding of the United States Supreme Court in the cases of *BMW v. Gore,* 517 U.S. 559 (1996) and *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001).

### TWENTY-FIFTH DEFENSE

Plaintiff is not entitled to recover punitive damages pursuant to Ala. Code section 6-11-20.

### TWENTY-SIXTH DEFENSE

The claims of Plaintiff for punitive damages against Defendants cannot be upheld, because an award of punitive damages under Alabama law for the purpose of compensating Plaintiff for elements of damage not otherwise recognized by Alabama law would violate Defendants' due process rights guaranteed by the United States Constitution and by the due process provisions of Alabama's Constitution.

### TWENTY-SEVENTH DEFENSE

Plaintiff's claims for punitive damages cannot be upheld under *BMW of North America, Inc. v. Gore,* 517 U.S. 559 (1996) to the extent it considers profits, if any, earned by Defendants other than profits earned in this state which relate to the alleged wrongful conduct at issue.

### TWENTY-EIGHTH DEFENSE

The claims of Plaintiff for punitive damages against Defendants cannot be upheld to the extent they are based on purported activities in other states (1) which may not violate the laws of those other states or (2) for which no evidence is presented establishing that the activities violate the laws of those other states; to do so would be to violate Defendants' rights under the Alabama Constitution and the United States Constitution.

## TWENTY-NINTH DEFENSE

The claims of Plaintiff for punitive damages against Defendants cannot be upheld to the extent they are in violation of any law passed by the United States Congress or the Alabama Legislature limiting awards of punitive damages or the amount of such damages or specifying the procedure by which such damages may be awarded.

## THIRTIETH DEFENSE

If Plaintiff has suffered any damages, the damages were caused, in whole or in part, by the acts or omissions of third parties for whom Defendants should not be held responsible.

## THIRTY-FIRST DEFENSE

Defendants plead insufficiency of process and insufficiency of service of process.

## THIRTY-SECOND DEFENSE

Defendants do not have the requisite "minimum contacts" for this Court to exercise personal jurisdiction over Defendants.

## THIRTY-THIRD DEFENSE

Defendant affirmatively invokes and asserts all defenses created by and under the Fair Credit Report Act, 15 U.S.C. §§ 1681, *et seq.*

## THIRTY-FOURTH DEFENSE

The claims asserted in the Complaint are barred by the plaintiff's bankruptcy case based on the doctrines of *res judicata*, judicial estoppel, 11 U.S.C. §1327(a), 11 U.S.C. §704, 11 U.S.C. §541, waiver, equitable estoppel, and release. Moreover, as a result of those proceedings, the plaintiff is not the real parties in interest to bring the present claims and lack standing to pursue the causes of action.

Defendants reserve the right to assert additional defenses as discovery progresses in this case. To the extent that any of the foregoing allegations in the complaint have not been expressly admitted or denied, they are hereby denied.

Dated this the 22 day of December, 2006.

Respectfully submitted,

_____
Reid S. Manley (MAN039)
Alan D. Leeth (LEE038)

Attorneys for Defendants
CITIFINANCIAL, INC. AND GLENDA DUNCAN

**OF COUNSEL:**

BURR & FORMAN LLP
3100 Wachovia Tower
420 North 20th Street
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on the following by directing same to the below-listed address through first-class, United States mail, postage prepaid, on this the 22 day of December, 2006:

Hon. James T. Gullage
GULLAGE & TICKAL, LLP
511 Geneva Street
Opelika, AL 36801
Tel.: (334) 737-3733

_____
OF COUNSEL