## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

BROOKA STOKES )

     Plaintiff, )

                        )

vs. )  **Civil Action No. 3:06 CV1135-T**

                        )

CITIFINANCIAL a/k/a )
WASHINGTON MUTUAL FINANCE; )
GLENDA DUNCAN; and A, B, C, and/or D )
being those persons, firms, corporations, )
partnerships, or other entities responsible for )
failure to satisfy the debt upon payment by )
the Plaintiff; E, F, and/or G and those persons, )
firms, corporations, partnerships, or other )
entities responsible for notifying any and all )
Credit Bureaus of the existence of the debt )
which had been paid; G, H, and/or I and those )
parties responsible for the acts complained of )
herein, whose identities are otherwise unknown, )
but who will be added by amendment when )
ascertained, )
                        )

     Defendants. )

## RESPONSE TO ORDER OF COURT TO SHOW CAUSE AND
## MOTION TO REMAND THE CIRCUIT COURT OF LEE COUNTY, ALABAMA

     COMES NOW the Plaintiff in the above styled cause, by and through her undersigned

counsel, and moves this Court to remand this action back to the Circuit Court of Lee County,

Alabama due to lack of jurisdiction in the Federal Court.

     This Court and other Courts within the Eleventh Circuit favor remanding matters to State

Courts where Federal jurisdiction is not absolutely clear. *Burns v. Windsor Insurance Company,*

31 F. 3rd 1092, 1095 (11th Cir. 1994). Although the Defendant in this matter would like to

remove this case out of the Circuit Court of Lee County, Alabama, which has jurisdiction and

where the wrong occurred, it is clear that the case should stay there nonetheless.

     In the support of the Notice of Removal, the Defendants state that the matter is properly

removable pursuant to 28 U.S.C. §1441, diversity jurisdiction. The Defendants allege there is

complete diversity of citizenship between the Plaintiff and Citifinancial, the Plaintiff being a resident of the State of Alabama and Citifinancial being a Maryland Corporation. However, the Defendant, Glenda Duncan ("Duncan"), is a resident of Alabama and a proper Defendant in this case.

Because Duncan is a proper Defendant to this case, complete diversity of citizenship does not exist and this matter should be remanded to State Court.

Pursuant to the order of this Court, the Plaintiff has been ordered to show cause as to why, pursuant to the Notice of Removal, the Defendant, Duncan, should not be dismissed as having been fraudulently joined.

### Glenda Duncan is a Proper Defendant in this Case.

The Plaintiff in this case has made valid state law claims against Duncan. Discovery may reveal more, However, Plaintiff is able to show that a cause of action exists against Duncan and therefore is a proper Defendant with Citifinancial in this action. This matter involves claims that Duncan and Citifinancial continued to harass and slander the Plaintiff even after the matter was tried in the District Court of Lee County and Mrs. Stokes prevailed. In fact Mrs. Stokes obtained a Judgment against Citifinancial on the issue. A copy of the Judgment is attached as "Exhibit 1." A copy of the District Court Complaint and Answer are attached as "Exhibit 2."

The Complaint of the Plaintiff states that "At the trial on the matter, **Citifinancial, a/k/a Washington Mutual Finance** was represented by an employee of **Citifinancial**. At the trial of the matter, the payment of the debt by **Mrs. Stokes** was proved to the Court and the Court entered judgment for **Brooka Stokes** for $350 on her counterclaim. The decision of the Court was entered in open Court and the employee of the Defendant was told of the fact that judgment was entered for **Brooka Stokes** and against the Defendant, **Citifinancial, a/k/a Washington Mutual Finance**. The said **Citifinancial, a/k/a Washington Mutual Finance** was notified in open court of the fact that judgment was rendered against it as previously alleged. The representative of **Citifinancial, a/k/a Washington Mutual Finance** is believed to be **Glenda Duncan** or a manager of **Citifinancial, a/k/a Washington Mutual Finance**. The pleadings in the case were signed by a person believed to be **Glenda Duncan**. **Citifinancial, a/k/a Washington Mutual Finance** did not appeal the judgment." The Complaint also alleges that even though there was a judgment in favor of Brooka Stokes against Citifinancial, Citifinancial still took the position that the debt was still owed and the burden was on Mrs. Stokes to show

that the debt had been paid.  (A copy of Citifinancial's account summary, signed by Duncan, is attached as "Exhibit 3.")  Through the actions of Glenda Duncan, both individually and as an employee of Citifinancial, Citifinancial continued to make collection efforts and demands against Mrs. Stokes as set forth in the Complaint.  This was after Duncan was individually notified by the Court that Mrs. Stokes prevailed at trial.   Count One of the paragraph demands judgment against the Defendants, plural, and not Citifinancial alone based upon the slander and publishing of the debt with false and defamatory statements.

It is Duncan's actions or inactions that caused these defamatory statements to be made and it is believed upon further discovery that it can be shown that Duncan continued on with collection efforts on behalf of Citifinancial with the direct knowledge that a Judgment had been entered against Citifinancial and that the amount was not due and owing.

It is the Defendant's burden to show that there is no possibility of a valid state law claim against non-diverse Defendant to Plaintiff's Complaint.  Not only have the Defendant's not met the burden, but it is clear that there are valid state claims against the non-diverse Defendant in this matter.  Therefore, that this matter should be remanded back to the Circuit Court of Lee County Alabama.

### The Amount in Controversy Requirement is Satisfied in the Present Action.

The Diversity jurisdiction amount in controversy requirement is not satisfied.  In this case, the Plaintiff is seeking an unspecified amount of damages.  Therefore, the Defendants' are required to show that "the amount in controversy more likely than not exceeds the jurisdictional requirement." *Tapscott v. MS Dealer Serv. Corp.,* 77 F. 3d 1353, 1357 (11th Cir. 1996).  In this case, the Plaintiff has made a demand for both compensatory and punitive damages to be assessed by the trier of fact.  The Defendants rely on a number of state and federal cases dealing with punitive and compensatory damages.  However, the Defendant does not met the   burden of showing that the amount in controversy will more likely than not exceed the jurisdictional amount

Respectfully submitted,

JEFFREY C. TICKAL (TIC001)
Attorney for the Plaintiff, Brooka Stokes

OF COUNSEL:

GULLAGE & TICKAL, LLP
511 Geneva Street
PO Box 711
Opelika, AL 36803-0711
334-737-3733
334-737-3766 fax

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing Motion upon the following by depositing a copy of the same in the United States Mail, postage prepaid and properly addressed on this the 19th day of _January_, 2007.

Alan D. Leeth, Esq.
BURR & FORMAN, LLP
3100 Wachovia Tower
420 North 20th Street
Birmingham, AL 35203

JEFFREY G. TICKAL

| State of Alabama<br>Unified Judicial System | **NOTICE OF JUDGMENT** | Case Number |
|---|---|---|
| Form C-19      Rev 6/88 | | SM-04-1513 |

IN THE _____ DISTRICT _____ COURT OF _____ LEE _____ COUNTY

**Plaintiff**  CITIFINANCIAL AKA WASHINGTON MUTUAL FINANCE

**Address:**  1461 GATEWAY DRIVE
OPELIKA, AL  36801

**Attorney:**

v.

**Defendant**  BROOKA STOKES

**Address:**

**Attorney:** HON. JAMES T. GULLAGE

**Judgment Date** 11-18-04

| | | |
|---|---|---|
| **Judgment** | $ | 0.00 |
| **Costs** | $ | |
| **Other:** _____ | $ | |
| **Total** | $ | 0.00 |

---

**Judgment Rendered in Favor of:**    ☐ **Plaintiff**    ☒ **Defendant**

**Judgment:**
☐ Default      ☐ Consent
☐ Dismissal    ☐ Workmen's Comp.
☐ Detinue      ☐ Unlawful Detainer
☒ Other        TRIAL              (Give details below)

VERDICT FOR DEFENDANT IN THE AMOUNT OF $350.00 ON HER COUNTERCLAIM.

**Judgment Conditions:**    ☐ With Waiver of Exemptions    ☐ Without Waiver of Exemptions
☐ With Prejudice    ☐ Without Prejudice

---

_____
**Judge/Clerk/Register**

**Certified As A True Copy:**

_____ By: _____

Clerk/Register

_____

Date

F I L E D
NOV 22 2004
IN OFFICE
CORINNE T. HURST
CIRCUIT CLERK

**PLEASE NOTE:**  If you disagree with this Judgment (decision), you can appeal by filing a "Notice of Appeal"
Form with the clerk of this court within _____ days after the date of this Judgment.
See the clerk for further information.

Exhibit 1

| COURT COPY: Original | PLAINTIFF: Copy | DEFENDANT: Copy |

## STATEMENT OF CLAIM
(Complaint)
General

Rev. 3/95

Case Number

SM-04-1513

ALL CLAIMS COURT OF **LEE**, ALABAMA
(Name of County)

CITIFINANCIAL AKA WASHINGTON     v.     BROOKA STOKES
**Plaintiff**     MUTUAL FINANCE          **Defendant**

Plaintiff's
Home Address

1461 GATEWAY DR.
OPELIKA, AL. 36301

Defendant's
Home Address

3301 OAKDALE DR
OPELIKA, AL. 36301

749-0775

Plaintiff's Attorney's
Address

745-7668 called
Nov 1, 04

Additional
Defendant(s)
and Addresses

### NOTICE TO EACH DEFENDANT - READ CAREFULLY

YOU ARE BEING SUED IN THE SMALL CLAIMS COURT BY THE PLAINTIFF(S) SHOWN ABOVE. THE JUDGE HAS NOT YET MADE ANY DECISION IN THIS CASE, AND YOU HAVE THE RIGHT TO A TRIAL TO TELL YOUR SIDE.

HOWEVER, IF YOU, OR YOUR LAWYER, FAIL TO FILL OUT THE ENCLOSED ANSWER FORM AND DELIVER OR MAIL IT TO THE CLERK AT THE ADDRESS SHOWN BELOW, SO THAT IT WILL GET TO THE CLERK'S OFFICE WITHIN FOURTEEN (14) DAYS AFTER YOU RECEIVE THESE PAPERS, A JUDGMENT CAN BE TAKEN AGAINST YOU FOR THE MONEY OR PROPERTY DEMANDED IN THE FOLLOWING COMPLAINT. ONCE A JUDGMENT HAS BEEN ENTERED AGAINST YOU, YOUR PAYCHECK CAN BE GARNISHED AND/OR YOUR HOME OR PROPERTY SOLD TO SATISFY THAT JUDGMENT.

### COMPLAINT

1. I claim the defendant owes the plaintiff the sum of $ 936.74 because:

Defalt in LoanSales Contract

2. Plaintiff also claims from the defendant court costs in the sum of $ 57.00 (see note below), plus $ 0 for interest and $ for lawyers' fees (**only** if plaintiff is represented by a licensed, practicing attorney and if the contract or note you signed so provides.)

NOTE:     The total amount of court costs may be more than this amount when the case is finally settled. The clerk will inform you of any additional costs at the close of the case.

CLERK'S ADDRESS:     **CORINNE T. HURST
CIRCUIT CLERK
2311 GATEWAY DR.
ROOM 104
OPELIKA, AL 36801**

Plaintiff or Plaintiff's Attorney (Signature)

Attorney Code _____

334-745-7668
Plaintiff's or Plaintiff's Attorney's Phone Number

Clerk's Phone No. _____

*(See instructions on the Back)*

Date of Filing _____ SEP 2 7 2004

FILED

IN OFFICE
CORINNE T. HURST
CIRCUIT CLERK

Exhibit 2

## IN THE SMALL CLAIMS COURT OF LEE COUNTY
## STATE OF ALABAMA

| | | |
|---|---|---|
| CITIFINANCIAL, AKA | ) | |
| WASHINGTON MUTUAL FINANCE | ) | |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | Case No.: SM-04-1513 |
| | ) | |
| Brooka Stokes, | ) | |
|     Defendant | ) | |

### ANSWER AND COUNTER-CLAIM

COMES NOW, Brooka Stokes, Defendant, by and through her employed attorney and denies that she owes any amount whatsoever to Citifinancial or Washington Mutual Finance, as the debt was paid many months ago. At the time the debt was refinanced and paid, the Defendant was told by the manger that she owed nothing further.

Now having answered the Complaint in this case, the Defendant asserts her Claim against the said Citifinancial, aka Washington Mutual Finance for $2,500.00 in attorney's fees. The action filed against the Defendant, Brooka Stokes by the Plaintiff is erroneous and false. Therefore, the Plaintiff has forced the Defendant to hire an attorney to represent her in this matter. Therefore, Brooka Stokes claims of the Plaintiff $2,500.00 as damages for bringing this action knowing that the debt, upon which suit was brought, had been paid.

JAMES T. GULLAGE (GUL002)
ATTORNEY FOR DEFENDANT
700 Avenue D.
Opelika, AL 36801
(334) 749-5115

FILED

NOV - 3 2004

IN OFFICE
CORINNE T. HURST
CIRCUIT CLERK

OFFICE NAME : AL-041 OPELIKA
ACCT. NO: 00811720 LOAN MK CD: SF I/J: I S: A    CSRC: L155    SOL: NS    CG: F    DNS: E    REFINANCE:
CUSTOMER: STOKES    BROOKA

LEDGER CARD
01-0082    900062-0
DOB: 01/22/40    SSN: 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
PL MAX:

| DATE | AMOUNT | LT CHARGE | INTEREST | PRINCIPAL | BALANCE | TRTY TYPE | METH |
|---|---|---|---|---|---|---|---|
| 03/28/04 | $17.07 | $.00 | $.00 | $.00 | $977.57 | BI15 | |
| 03/08/04 | $90.00 | $.00 | $35.82 | $54.18 | $960.50 | PY25 ML | CK |
| 02/28/04 | $17.75 | $.00 | $.00 | $.00 | $1,050.50 | BI15 | |
| 01/28/04 | $18.07 | $.00 | $.00 | $.00 | $1,032.75 | BI15 | |
| 01/07/04 | $100.00 | $.00 | $37.85 | $62.15 | $1,014.68 | PY25 CT | CK |
| 12/28/03 | $18.84 | $.00 | $.00 | $.00 | $1,114.68 | BI15 | |
| 11/28/03 | $19.01 | $.00 | $.00 | $.00 | $1,095.84 | BI15 | |
| 11/04/03 | $70.00 | $.00 | $19.75 | $50.25 | $1,076.83 | PY25 ML | CK |
| 10/28/03 | $19.75 | $.00 | $.00 | $.00 | $1,146.83 | BI15 | |
| 09/30/03 | $70.00 | $.00 | $20.66 | $49.34 | $1,127.08 | PY25 ML | CK |
| 09/28/03 | $20.66 | $.00 | $.00 | $.00 | $1,197.08 | BI15 | |
| 09/09/03 | $41.00 | $7.00 | $21.00 | $13.00 | $1,176.42 | PY25 ML | CK |
| 08/28/03 | $28.00 | $.00 | $.00 | $.00 | $1,217.42 | BI15 | |
| 08/11/03 | $70.00 | $.00 | $43.50 | $26.50 | $1,189.42 | PY25 CT | CK |
| 07/28/03 | $21.27 | $.00 | $.00 | $.00 | $1,259.42 | BI15 | |
| 06/28/03 | $22.23 | $.00 | $.00 | $.00 | $1,238.15 | BI15 | |
| 06/13/03 | $136.00 | $.00 | $23.61 | $112.39 | $1,215.92 | PY25 ML | |
| 05/28/03 | $23.61 | $.00 | $.00 | $.00 | $1,351.92 | BI15 | |
| 05/06/03 | $123.00 | $.00 | $33.66 | $89.34 | $1,328.31 | PY25 ML | |
| 04/28/03 | $24.80 | $.00 | $.00 | $.00 | $1,451.31 | BI15 | |
| 04/07/03 | $41.00 | $.00 | $41.00 | $.00 | $1,426.51 | PY25 ML | |
| 03/28/03 | $24.80 | $.00 | $.00 | $.00 | $1,467.51 | BI15 | |
| 02/28/03 | $25.06 | $.00 | $.00 | $.00 | $1,442.71 | BI15 | |
| 02/06/03 | $83.00 | $.00 | $25.80 | $57.20 | $1,417.65 | PY25 ML | |
| 01/28/03 | $25.98 | $.00 | $.00 | $.00 | $1,500.65 | BI15 | |
| 12/28/02 | $.00 | $.00 | $.00 | $.00 | $1,474.85 | BI15 | |
| 12/14/02 | $1,474.85 | $.00 | $.00 | $.00 | $.00 | DI05 55 | |

Handwritten annotations:

1,474.85 +
55.00 −
41.00 −
125.00 −
135.00 −
70.00 −
41.00 −
70.00 −
70.00 −
100.00 −
90.00 −
10.05 *

prin bal

Cur pymt = 100.00

you still owe

any question
Please call
Thks
G.Duncan

Exhibit 3