IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **BROOKA STOKES,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO. 3:06CV1135-MHT** |
| ) | |
| **CITIFINANCIAL a/k/a WASHINGTON** ) | |
| **MUTUAL FINANCE and GLENDA DUNCAN,** ) | |
| ) | |
| **Defendants.** ) | |

**DEFENDANTS' OPPOSITION TO MOTION TO REMAND**

**COME NOW,** Defendants CitiFinancial, Inc. ("CitiFinancial") and Glenda Duncan ("Duncan") (collectively "Defendants"), by and through their undersigned counsel, appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure, any and all defenses under the federal laws of bankruptcy and specifically preserving the right to demand arbitration (which Defendants have exercised) pursuant to contractual agreements and the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*, and hereby submit this opposition to Plaintiff's Motion to Remand. In support thereof, Defendants state as follows:

**I. INTRODUCTION**

On or about November 16, 2006, Plaintiff Brooka Stokes ("Plaintiff") filed a complaint in the Circuit Court of Lee County, asserting various causes of action against Defendants CitiFinancial and Duncan based upon their alleged collection efforts and false credit reporting following a November 22, 2004 entry of judgment obviating Plaintiff's debt with CitiFinancial. (*See* Plaintiff's Complaint). Plaintiff's Complaint, however, only asserted factual allegations against CitiFinancial and contained no allegations or evidence that Duncan participated in any of

the alleged wrongdoing.[1] (*See id.*, pp. 1-2). Thus, on December 22, 2006, Defendant removed the present action to this Court on diversity jurisdiction grounds, demonstrating that the only non-diverse Defendant, Duncan, had been fraudulently joined, and that the amount in controversy exceeded $75,000, notwithstanding Plaintiff's failure to specify damages.

On January 19, 2007, Plaintiff filed a motion to remand the present action back to state court. Therein, she asserted a variety of conclusory and unsubstantiated allegations in a futile attempt to connect Duncan to the alleged wrongdoing and stave off a finding of fraudulent joinder. Plaintiff further claimed without any supporting evidence that Defendants have failed to satisfy their "burden of showing that the amount in controversy will more likely than not exceed the jurisdictional amount." (Plaintiff's Motion to Remand, p. 3).

As demonstrated in detail below, there is undisputed evidence that Duncan was not, and could not have been, personally involved in the alleged collection efforts and/or false credit reporting which form the basis of Plaintiff's complaint. Thus, Duncan was in fact fraudulently joined in the present action, and her Alabama citizenship should be disregarded, creating complete diversity between Plaintiff and all properly joined Defendants. Accordingly, Duncan is due to be dismissed from this action with prejudice. Moreover, relevant federal precedent demonstrates that Defendants have provided more than sufficient evidence to support their contention that the amount in controversy herein exceeds $75,000. As such, both diversity

---

[1] Plaintiff alleges and tries to "make hay" of the fact that Duncan attended and represented CitiFinancial at the November 2004 trial involving Plaintiff's account with CitiFinancial. Not only are these allegations completely irrelevant, they are patently false. Indeed, Plaintiff has testified under oath in an affidavit attached hereto that she did not attend the aforementioned trial and had no involvement in said matter other than signing the Statement of Claim in her capacity as branch manager. (*See* the Affidavit of Glenda Duncan, attached hereto as Exhibit "A," at ¶ 3). As such, this Court should place no value in any allegation and/or cause of action based on Duncan's alleged attendance and/or representation of CitiFinancial at the November 2004 trial at issue.

jurisdiction requirements under 28 U.S.C. § 1332 have been satisfied, and Plaintiff's Motion to Remand is due to be denied.

## II. ARGUMENT

### A. DUNCAN WAS FRAUDULENTLY JOINED IN THE PRESENT ACTION BECAUSE SHE WAS NOT PERSONALLY INVOLVED IN THE ALLEGED COLLECTION EFFORTS AND/OR FALSE CREDIT REPORTING WHICH FORM THE BASIS OF PLAINTIFF'S LAWSUIT.

A Plaintiff's reliance upon conclusory and unsupported allegations of liability will not overcome a fraudulent joinder argument where the Defendant has provided undisputed evidence contradicting said allegations. *See Legg v. Wyeth*, 428 F.3d 1317, 1324 (11th Cir. 2005)("When the Defendants' affidavits are undisputed by the Plaintiffs, the court cannot then resolve the facts in the Plaintiffs' favor based solely on the unsupported allegations in the Plaintiffs' complaint."); *Moses v. Allstate Indemnity Co.*, 2006 WL 1361131, at *4 (M.D. Ala.)(quoting *Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 393-94 (5th Cir. 2000)(emphasis in original)("'[W]e resolve factual controversies in favor of the nonmoving party, but *only* when there is an actual controversy, that is when both parties have submitted evidence of contradictory facts. *We do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts.*'").

In the present action, Plaintiff has presented no viable evidence in support of her allegations that Duncan participated in the alleged collection efforts and/or false credit reporting following the November 22, 2004 entry of judgment at issue. On the contrary, Defendants present uncontroverted evidence below that Duncan was not, and could not have been, personally involved in any such collection efforts or false credit reporting. Thus, this Court must find that Duncan was fraudulently joined in the present action.

> 1. **Duncan was Not Involved in Any Collection Efforts on Plaintiff's Account Following the November 22, 2004 Judgment at Issue.**

Duncan has testified under oath in an affidavit attached hereto that she made no attempts to collect on Plaintiff's account following the November 22, 2004 entry of judgment. (*See* Ex. A, ¶ 4). Duncan has further testified that, per her review of pertinent collection notes, all collection activity on Plaintiff's account from her branch ceased following the aforementioned entry of judgment. (*See* Ex. A, ¶ 5). Finally, Duncan has testified that the ledger card attached as Exhibit 3 to Plaintiff's Motion to Remand was prepared at Plaintiff's request in March of 2004 (8 months prior to the judgment) and does not constitute any effort by Duncan or CitiFinancial to collect on Plaintiff's account after the November 22, 2004 entry of judgment. (*See id.*, ¶ 7).

Based on the foregoing, it is clear that neither Duncan nor her branch made any attempts to collect on Plaintiff's account following the November 22, 2004 entry of judgment obviating her debt. Significantly, Plaintiff has utterly failed to provide any evidence to the contrary, relying instead on conclusory allegations that Duncan was somehow involved in post-judgment collection efforts. As demonstrated above, however, such conclusory allegations are incapable of overcoming undisputed evidence in the form of an affidavit. *See Legg*, 428 F.3d at 1324; *Badon*, 224 F.3d at 393-94. As such, this Court must find that Duncan was not involved in any post-judgment collection efforts and that she has been fraudulently joined with respect to any causes of action arising out of such allegations.

> 2. **Duncan Did Not Falsely Report Credit Information on Plaintiff's Account Following the November 22, 2004 Judgment at Issue.**

In addition to the above, Duncan has specifically testified that she did not report any delinquency with respect to Plaintiff's account following the November 22, 2004 judgment at issue. (*See* Ex. A, ¶ 6). In fact, Duncan has testified that such reporting is automatically conducted through the computer system at CitiFinancial. (*See id.*). As such, it is also clear that

Duncan did not falsely report credit information on Plaintiff's account following the November 22, 2004 judgment at issue. As before, Plaintiff has utterly failed to provide any evidence to the contrary, relying instead on more unsupported allegations of Duncan's wrongdoing. As previously stated, such conclusory allegations are incapable of overcoming undisputed evidence in the form of an affidavit. *See Legg*, 428 F.3d at 1324; *Badon*, 224 F.3d at 393-94. Thus, this Court must also find that Duncan did not falsely report Plaintiff's credit information following the November 22, 2004 entry of judgment, she has been fraudulently joined with respect to any causes of action arising out of such allegations and she is due to be dismissed from this action with prejudice.

### B. THIS COURT'S AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED.

The amount in controversy requirement is satisfied in this case because Plaintiff's complaint seeks unlimited relief from Defendants and Plaintiff has refused to stipulate that the amount in controversy is not in excess of $75,000.00. In cases where the plaintiff has not pled a specific amount of damages, as in the current matter, "a lower burden of proof is warranted because there is simply no estimate of damages to which a court may defer." *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996), *overruled on other grounds*, *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). This lower burden only requires the removing defendant to prove by "a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Or in other words, Defendants need only prove that the amount in controversy will "more likely than not" be satisfied. *See Tapscott*, 77 F.3d at 1356-57.

Although it is well-settled that Plaintiff is the "master of the complaint," with that control comes the responsibility to plead carefully if Plaintiff wants to avoid removal jurisdiction. *See*

*Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 & n.7 (1987). Therefore, this Court must be cautious about remanding this case to state court for fear that it will erroneously deprive Defendants of its right to a federal forum. *See Bolling v. Union Nat. Life Ins. Co.,* 900 F. Supp. 400 (M.D. Ala. 1995) (citing 14A Charles Wright, Arthur Miller & Edward H. Cooper, *Federal Practice & Procedure* § 3721 (1985)). Further, in making the determination of whether the amount in controversy requirement is satisfied, this Court may look to the notice of removal and other post-removal evidence if it is not apparent from the face of the complaint that the jurisdictional amount is met. *Alexander v. Captain D's, LLC*, 437 F. Supp. 2d 1320, 1322 (M.D. Ala. 2006) (citing *Williams v. Best Buy Co.,* 269 F.3d 1316 (11th Cir. 2001)). In doing so, it is apparent that the amount in controversy requirement is satisfied.

First, Alabama case law establishes that jury verdicts in similar cases are likely to reach levels in excess of this Court's jurisdictional minimum. Second, Plaintiff has refused to sign an affidavit stipulating that she will not seek an amount in excess of $75,000.00 from Defendants in this proceeding. Accordingly, when considering the face of the complaint along with other post-removal evidence, it is clear that Plaintiff's claims against Defendants exceed this Court's jurisdictional requirement of $75,000.00.

      **1.**      **Defendants Have Provided Sufficient Evidence to Support Their Contention that the Amount in Controversy Requirement is Satisfied in the Present Action.**

The amount in controversy requirement is satisfied in this case notwithstanding Plaintiff's refusal to specify damages. In her Complaint, Plaintiff purports to set forth claims of defamation, fraud, negligent misrepresentation and intentional infliction of emotional distress based upon Defendants' alleged misrepresentation, improper credit reporting and collection activities associated with a loan Plaintiff obtained from CitiFinancial. Plaintiff alleges that as a result of Defendants' conduct, Plaintiff has "suffered grievous mental and physical suffering, and

in addition she found it difficult to borrow money because of the false allegations made by Defendant." (Plaintiff's Complaint, Count I.)  Plaintiff also alleges that she was "caused to suffer injuries and damages as her credit was damaged and she was harassed by the Defendants, had difficulty securing a loan, and was otherwise injured both physically and mentally."  (*Id*. at Count III.)  As a result, Plaintiff seeks an unlimited amount of amount of compensatory and punitive damages "because Defendant [allegedly] published said statement with malice and with knowledge of its falsity or with gross and reckless disregard of its falsity" and "because of the intentional or gross and reckless nature of the fraud."  (*Id*. at Counts I-IV.)  Plaintiff also seeks "attorney fees and litigation expenses" as a result of Defendants' alleged conduct.  (*Id*. at Count V.)

As stated above, Defendants need only show that the amount in controversy will "more likely than not" be satisfied.  *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996).  Defendants clearly satisfied this requirement in their Notice of Removal by citing an abundance of Alabama decisions involving similar claims wherein plaintiffs were awarded damages in excess of $75,000.[2]  These verdicts clearly indicate the potential magnitude of claims

---

[2] *See e.g., Prudential Ballard Realty Co. v. Weatherly*, 792 So. 2d 1045 (Ala. 2000) ($250,000 compensatory damage award, mostly attributable to mental anguish, in fraud matter); *Jeter v. Orkin Exterminating Company, Inc.*, 832 So. 2d 25 (Ala. 2001) ($300,000 mental anguish awarded in fraud and breach of contract matter); *Oliver v. Towns*, 770 So. 2d 1059 (Ala. 2000) ($67,800 metal anguish award); *Sparks v. Cash America International, Inc.*, 789 So. 2d 231 (Ala. 2000) (in fraud and breach of contract claim, $50,000.00 of the $75,000.00 compensatory damage award was attributed to mental anguish); *Liberty National Life Ins. Co. v. Caddell*, 701 So. 2d 1132 (Ala. 1997) (awarding $50,000 in compensatory damages for mental anguish resulting from alleged conversion); *Hare v. Mutual Savings Life*, CV-94-529, 1997 WL 743899 (LRP JURY) (awarding $500,000 in compensatory damages for alleged insurance fraud where primary injury was emotional distress); *Mallard v. Countrywide Funding Corp.*, CV-95-199, 1997 WL 743898 (LRP JURY) (awarding $1,000,000 in compensatory damages to two Plaintiffs for emotional distress caused by fraud); *Ball v. ALFA Realty, Inc.*, CV-95-103, 1997 WL 850611 (LRP JURY) (awarding $100,000 in compensatory damages for emotional distress suffered as a result of fraud); *Norwood v. Glen Lanes Realty Co.*, CV-96-391, 1997 WL 996325

(LRP JURY) (awarding $200,000 in compensatory damages for emotional distress resulting from fraud); *Gallant v. Prudential Ins. Co. of America,* CV-93-50, 1994 WL 180709 (LRP JURY) (awarding $430,000 in compensatory damages for alleged insurance fraud); *Sperau v. Ford Motor Co.*, CV-91-34, 1994 WL 180700 (LRP JURY) (awarding $4,492,000 in compensatory damages to four Plaintiffs for emotional distress allegedly caused by fraud). Consequently, the amount in controversy requirement has been established.

*See e.g., Jeter v. Orkin Exterminating Co.*, *supra*, ($2,000,000 punitive damages awarded in fraud and breach of contract matter); *Johns v. A.T. Stephens Enterprises, Inc.*, 815 So. 2d 511 (Ala. 2001) ($150,000.00 punitive damage award in conspiracy to convert matter); *Travelers Indemnity Co. of Illinois v. Griner*, 809 So. 2d 808 (Ala. 2001) ($200,000.00 punitive damage award in fraud and outrage matter); *Sparks v. Cash America International, Inc.*, 789 So. 2d 231 (Ala. 2000) ($225,000 award of punitive damages in fraud and breach of contract matter); *Cooper & Co. v. Lester*, 832 So. 2d 628 (Ala. 2000) (punitive damage awards ranging from $178,538.00 to $250,000.00 in fraud action); *Prudential Ballard Realty Co. v. Weatherly, supra*, (award of $750,000.00 of punitive damages in fraud action); *Chrysler Corp. v. Schiffer*, 736 So. 2d 538 (Ala. 1999) ($150,000.00 award of punitive damages in fraud and breach of contract matter); *Life Insurance Company of Georgia v. Parker,* 726 So. 2d 619 (Ala. 1998) ($150,000.00 award of punitive damages in insurance fraud matter); *Patel v. Patel*, 708 So. 2d 159 (Ala. 1998) ($225,000.00 award of punitive damages in fraud and breach of contract matter); *Talent Tree Personnel Srvs., Inc. v. Fleenor*, 708 So. 2d 917 (Ala. 1997) ($1,500,000.00 award of punitive damages in fraud and breach of contract matter); *American Pioneer Life v. Williamson*, 704 So. 2d 1361 (Ala. 1997) ($750,000.00 award of punitive damages in fraud and breach of contract case); *Union Sec. Life Ins. Co. v. Crocker*, 709 So. 2d 1118 (Ala. 1997) ($1,000,000.00 award of punitive damages in insurance fraud matter); *Life Ins. Co. of Georgia v. Johnson*, 725 So. 2d 934 (Ala. 1998) ($3,000,000.00 award of punitive damages in insurance fraud action); *Hillcrest Center, Inc. v. Rone*, 711 So. 2d 901 (Ala. 1997) ($94,000.00 award of punitive damages in fraudulent inducement action); *First Commercial Bank v. Spivey*, 694 So. 2d 1316 (Ala. 1997) ($500,000.00 award of punitive damages in fraud and breach of contract matter); *Carlisle v. Whirlpool Fin. Nat'l Bank*, No. 97-068 (Circuit Court of Hale County, Alabama), (the jury awarded the Plaintiff punitive damages in the amount of approximately $582 million in a case in which fraud allegations were asserted. The amount of punitive damages was later remitted to $300 million.); *Gallant v. Prudential Ins. Co. of America ,* CV-93-50, 1994 WL 180709 (LRP JURY) (awarding $33,000,000 in punitive damages); *Ford Motor Co. v. Sperau,* 708 So. 2d 111 (Ala. 1997) ($1,792,000 in punitive damages); *Johnson v. Mercury Finance Co.,* CV-93-52, in the Circuit Court of Barbour County, Alabama, Clayton Division (Plaintiff, buyer of used cars, alleged that defendant fraudulently failed to disclose a $1,000 discount for which defendant purchased the non-recourse note. Jury awarded $90,000 in compensatory damages, and $50,000,000 in punitive damages. The award of punitive damages was remitted to $2,000,000.); *Key v. Prudential Insurance Co., et al.,* CV-93-479, in the Circuit Court of Marshall County, Alabama (August 28, 1995) (The Plaintiff alleged that the insurance agent misrepresented that no additional premium payments would be required. Jury awarded $25,000,000 in punitive damages.); *Foremost Insurance Co. v. Parham,* 693 So. 2d 409 (Ala. 1997) (Jury awarded $6,000 in compensatory damages, and $7,500,000 in punitive damages. The punitive damages

of fraud in similar situations as the current matter. Federal courts in Alabama adjudicating similar claims have repeatedly acknowledged that the citation of analogous cases suffices to show that the amount in controversy more likely than not exceeds the jurisdictional requirement. *See Owens v. Life Ins. Co. of Georgia*, 289 F. Supp. 2d 1319 (M.D. Ala. 2003) (after careful review of the cases cited by the defendant, the Court concluded that said defendant had sufficiently demonstrated that the amount in controversy requirement had been met.); *Fowler v. Provident Life and Accident Ins. Co.,* 256 F. Supp. 2d 1243, 1249 (N.D. Ala. 2003) (same); *Bullock v. United Ben. Ins. Co.*, 165 F. Supp. 2d 1255, 1259 (M.D. Ala. 2001) (same).

Telling is the absence of any allegations in Plaintiff's Motion to Remand that she is not seeking in excess of $75,000. Instead, Plaintiff simply asserts that Defendants have not met their burden of showing that the amount in controversy requirement is met. By contrast, Defendants here have provided the Court with ample support for the proposition that the amount in controversy requirement has been met. *See Id.* Accordingly, Plaintiff's Motion to Remand is due to be denied.

### 2. Plaintiff has Refused to Stipulate to the Amount of Damages She is Seeking in this Action.

It is evident that the amount in controversy requirement is satisfied in this case because Plaintiff has refused to stipulate under oath that she will not seek an amount in excess of $75,000.00 from Defendants. Shortly after Defendants removed this case to this Court, Defendants' counsel informed Plaintiff's counsel that Defendants were willing to consent to remand, should Plaintiff sign an affidavit limiting her recovery to an amount not to exceed $75,000.00. (*See* Affidavit of Alan D. Leeth, attached hereto as Ex. B.) Prior to Plaintiff filing

---

were later remitted to $175,000.). Consequently, the amount in controversy requirement is easily satisfied in the case at hand.

her Motion to Remand, counsel for Defendants was advised that Plaintiff was not willing to sign such an affidavit. *Id*.

Plaintiff's refusal to sign such an affidavit weighs against her request to have this case remanded. *Alexander*, 437 F. Supp. 2d at 1323 (Finding counsel's refusal to stipulate that plaintiff will not seek more than $75,000 supported the conclusion that the jurisdictional requirement was met.); *See also, Taylor v. Campbell*, 852 F. Supp. 978 (M.D. Ala. 1994). This Court has gone so far as to require a plaintiff to submit an affidavit limiting their damages in order for a plaintiff to be entitled to remand of their case. *Id.* In *Taylor*, the Court stated that it would not order the case remanded unless the plaintiff filed an affidavit with the court stating the following:

> (1) He did not intend to seek damages in excess of the total amount of [$75,000.00] at the time the complaint was filed. (2) He irrevocably agrees that the amount of damages claimed by him in this action is and will forever be no more than [$75,000.00] exclusive of interest and costs. (3) He irrevocably agrees to the entry of an order of court which places an irrevocable cap upon the amount of damages which may be sought by or awarded to him in this case, and that this cap shall be set as [$75,000.00] exclusive of interest and costs. (4) He will under no circumstances accept a judgment or settlement in this case in excess of [$75,000.00]. (5) He agrees, acknowledges, and understands that this agreement is binding upon him and his heirs, executors, administrators, and assigns, and cannot be rescinded or revoked under any circumstance regardless of any development which may occur during the investigation, discovery, pretrial, or trial of this action.

*Taylor*, 852 F. Supp. at 979-80.

Further, other courts within the Eleventh Circuit have also denied a plaintiff's motion to remand for failure to sign an affidavit limiting damages. *See Deel v. Metromedia Rest. Servs.*, 2006 WL 481667, *3 (N.D. Fla. Feb. 27, 2006) (Florida court denying plaintiff's motion to remand, noting that plaintiff's refusal to stipulate that she does not seek more than $75,000.00 is a factor with which the court may consider). In fact, another federal court in Florida recently denied a plaintiff's motion to remand based on the fact that the plaintiff refused to stipulate that

his damages would not exceed $75,000.00. *See Logsdon v. Duron, Inc.*, 2005 WL 1163095, *4 (M.D. Fla. 2005). In denying the plaintiff's motion to remand in *Logsdon,* the court stated:

> Initially, the Court notes that the Defendant has effectively pointed out that the Plaintiff has consistently refused to clearly state that his damages will not exceed $75,000, wishing instead to *"have it both ways"* by pursuing this diversity case in state court without limiting himself to damages below the threshold amount that triggers the Defendant's right to remove the case to this Court. This evasiveness and refusal to limit the damages in this case is evident in both the Plaintiff's deposition testimony and the written discovery propounded by the Defendant. As such, *this unwillingness to be clear as to the amount of damages he is seeking justifies the Court's denial of the Plaintiff's Motion to Remand at this stage of the case.*

*Logsdon*, 2005 WL 1163095, at *4 (emphasis added).

In the current matter, it is apparent that Plaintiff is seeking to "have it both ways" in requesting this Court to remand the case to state court, but refusing to stipulate that she is not seeking damages in excess of $75,000.00. This factor, among the others discussed above, clearly prove that it is "more likely than not" that the amount in controversy jurisdictional requirement is satisfied in this case.

In sum, the overwhelming evidence that recent verdicts for claims of fraud in Alabama have often resulted in substantial recoveries for mental anguish, emotional distress, and other similar harms coupled with Plaintiff's failure to stipulate that her damages are limited to $75,000, establish by a preponderance of the evidence that there is no question that the amount in controversy requirement has been satisfied in this case. Accordingly, Plaintiff's Motion to Remand is due to be denied.

### C. IN THE ALTERNATIVE, PLAINTIFF SHOULD BE REQUIRED TO FILE AN AFFIDAVIT LIMITING DAMAGES.

In the event the Court determines that Defendants have not met their burden, and determines that this case is due to be remanded, Defendants request that the Court require Plaintiff to file an affidavit stating the concessions set forth in *Taylor v. Campbell*, 852 F. Supp.

978, 979-980 (M.D. Ala. 1994) prior to remand.  Plaintiff should be required to either limit her damages or prosecute her case in federal court.  Plaintiff should not be able to avoid both.

### III. CONCLUSION

For the reasons set forth above, this Court has jurisdiction over this case under 28 U.S.C. § 1332 because there is complete diversity among the parties and the amount in controversy is met.  Accordingly, Defendants respectfully request that Plaintiff's Motion to Remand be denied or, in the alternative, require Plaintiff to file affidavit limiting her damages to an amount below the jurisdictional requirement of this Court.

Dated this the 29th day of January, 2007.

                                          Respectfully submitted,

                                          s/ Alan D. Leeth
                                          Reid S. Manley(MAN039)
                                          Alan D. Leeth (LEE038)

                                          Attorneys for Defendants
                                          CITIFINANCIAL, INC. AND GLENDA DUNCAN

**OF COUNSEL:**

BURR & FORMAN LLP
3100 Wachovia Tower
420 North 20th Street
Birmingham, Alabama  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

## **CERTIFICATE OF SERVICE**

  I hereby certify that on the <u>29th</u> day of <u>January, 2007</u>, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all properly registered parties and to the extent they are not registered with the Court's ECF system, they have been served by directing same to their office addresses via first-class, United States mail, postage prepaid:

Hon. James T. Gullage
Jeffrey G. Tickal
GULLAGE & TICKAL, LLP
511 Geneva Street
Opelika, AL 36801
Tel.: (334) 737-3733

            <u>s/ Alan D. Leeth</u>
            OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| BROOKA STOKES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) CIVIL ACTION NO. 3:06CV1135-MHT |
| CITIFINANCIAL a/k/a WASHINGTON MUTUAL FINANCE and GLENDA DUNCAN, | ) ) ) |
| Defendants. | ) ) |

## AFFIDAVIT OF GLENDA DUNCAN

COUNTY OF LEE  )

STATE OF ALABAMA  )

PERSONALLY APPEARED before the undersigned officer, duly authorized to administer oaths, Glenda Duncan, who states under oath as follows:

1. I am over the age of twenty-one (21) years, and am competent to testify to the matters set forth herein. I am employed by CitiFinancial Corporation, LLC as a Branch Account Manager and have personal knowledge of the facts set forth in this affidavit, and all such facts are true to the best of my knowledge.

2. On or about September 27, 2004, I signed a Statement of Claim, in my corporate capacity as a Branch Manager for CitiFinancial, against Brooka Stokes in the Small Claims Court in Lee County, Alabama. A true and correct copy of the Statement of Claim is attached hereto as Exhibit 1.

3. Other than signing the Statement of Claim, I had no other involvement in the case and did not attend the trial.

1537164 v1



EXHIBIT A

4. Once the judgment was entered on November 22, 2004 against CitiFinancial and in favor of Ms. Stokes, at no time did I attempt to collect on her account.

5. Moreover, based on my review of the collection notes from the branch, after the date the judgment was entered by the court, all collection activity from the branch ceased.

6. At no time after the entry of the judgment, did I report any delinquency in relation to Ms. Stokes' account to a credit reporting agency. Such reporting is automatically reported through the computer system at CitiFinancial.

7. The ledger card that was filed in support of Ms. Stokes' Motion to Remand (Exhibit 3) was prepared by me at the request of Ms. Stokes in or around March 2004, well before the lawsuit against Ms. Stokes or the entry of the judgment. The ledger card does not represent any collection activity on my part or CitiFinancial's part after the entry of the judgment.

**FURTHER AFFIANT SAYETH NOT.**

DATED: 1/24/07

By _____
GLENDA DUNCAN

I, Danielle Benton, a Notary Public in and for said City in said State, hereby certify that Glenda Duncan, whose name is signed to the foregoing AFFIDAVIT OF GLENDA DUNCAN, and who is known to me, acknowledged before me on this day that, being informed of the contents of such instrument, she executed the same voluntarily on the day the same bears date.

Given under my hand and seal, this 24th day of January, 2007.

_____
NOTARY PUBLIC

[SEAL]

My Commission Expires: MY COMMISSION EXPIRES AUG. 25, 2007

1537164 v1

2

| State of Alabama Unified Judicial System | STATEMENT OF CLAIM (Complaint) General | Case Number |
|---|---|---|
| Form SM-1 (front) Rev. 3/95 | | SM-04-1513 |

IN THE SMALL CLAIMS COURT OF _____ LEE _____, ALABAMA
(Name of County)

CITIFINANCIAL AKA WASHINGTON    v.    BROOKA STOKES
Plaintiff   MUTUAL FINANCE                    Defendant

Plaintiff's Home Address
1461 GATEWAY DR.
OPELIKA, AL. 36801

Defendant's Home Address
3301 OAKDALE DR
OPELIKA, AL. 36801

Plaintiff's Attorney's Address

Additional Defendant(s) and Addresses

### NOTICE TO EACH DEFENDANT - READ CAREFULLY

YOU ARE BEING SUED IN THE SMALL CLAIMS COURT BY THE PLAINTIFF(S) SHOWN ABOVE. THE JUDGE HAS NOT YET MADE ANY DECISION IN THIS CASE, AND YOU HAVE THE RIGHT TO A TRIAL TO TELL YOUR SIDE.

HOWEVER, IF YOU, OR YOUR LAWYER, FAIL TO FILL OUT THE ENCLOSED ANSWER FORM AND DELIVER OR MAIL IT TO THE CLERK AT THE ADDRESS SHOWN BELOW, SO THAT IT WILL GET TO THE CLERK'S OFFICE WITHIN FOURTEEN (14) DAYS AFTER YOU RECEIVE THESE PAPERS, A JUDGMENT CAN BE TAKEN AGAINST YOU FOR THE MONEY OR PROPERTY DEMANDED IN THE FOLLOWING COMPLAINT. ONCE A JUDGMENT HAS BEEN ENTERED AGAINST YOU, YOUR PAYCHECK CAN BE GARNISHED AND/OR YOUR HOME OR PROPERTY SOLD TO SATISFY THAT JUDGMENT.

### COMPLAINT

1. I claim the defendant owes the plaintiff the sum of $ 936.74 because:

   Defalt in LoanSales Contract

2. Plaintiff also claims from the defendant court costs in the sum of $ 57.00 (see note below), plus $ 0 for interest and $ _____ for lawyers' fees (only if plaintiff is represented by a licensed, practicing attorney and if the contract or note you signed so provides.)

   NOTE: The total amount of court costs may be more than this amount when the case is finally settled. The clerk will inform you of any additional costs at the close of the case.

CLERK'S ADDRESS:
CORINNE T. HURST
CIRCUIT CLERK
2311 GATEWAY DR.
ROOM 104
OPELIKA, AL 36801

Clerk's Phone No. _____

(See instructions on the Back)

Plaintiff or Plaintiff's Attorney (Signature)

Attorney Code _____

334-745-7668
Plaintiff's or Plaintiff's Attorney's Phone Number

FILED
SEP 27 2004
IN OFFICE
CORINNE T. HURST
CIRCUIT CLERK

Date of Filing _____

**EXHIBIT 1**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| BROOKA STOKES, | ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) <br> ) CIVIL ACTION NO. 3:06CV1135-MHT |
| CITIFINANCIAL a/k/a WASHINGTON MUTUAL FINANCE and GLENDA DUNCAN, | ) <br> ) <br> ) |
| Defendants. | ) <br> ) |

### AFFIDAVIT OF ALAN D. LEETH

**COUNTY OF JEFFERSON** )

**STATE OF ALABAMA** )

**PERSONALLY APPEARED** before the undersigned officer, duly authorized to administer oaths, Alan D. Leeth, who states under oath as follows:

1. I am over the age of twenty-one (21) years, and am competent to testify to the matters set forth herein.

2. I am one of the attorneys representing Defendants CitiFinancial, Inc. and Glenda Duncan (collectively "Defendants") in the above-styled matter.

3. Shortly after Defendants removed this case to this Court, I advised Plaintiff's counsel, by telephone, that Defendants were willing to consent to remanding the case back to state court should Plaintiff sign an affidavit limiting her recovery in the case to an amount not to exceed $75,000.00.

1537956 v1


EXHIBIT B

4.  Prior to Plaintiff filing her Motion to Remand, counsel for Plaintiff informed me that Plaintiff was not willing to sign an affidavit limiting her recovery to an amount not to exceed $75,000.00.

**FURTHER AFFIANT SAYETH NOT.**

DATED: __1-29-07__

By _____
ALAN D. LEETH

I, __Stephanie M. Carroll__, a Notary Public in and for said County in said State, hereby certify that Alan D. Leeth, whose name is signed to the foregoing AFFIDAVIT OF ALAN D. LEETH, and who is known to me, acknowledged before me on this day that, being informed of the contents of such instrument, he executed the same voluntarily on the day the same bears date.

Given under my hand and seal, this __29th__ day of __January__, 2007.

_____
NOTARY PUBLIC

[SEAL]

My Commission Expires: __5-25-2009__

1537956 v1                                2